**Ghazanfar Ali MIRZA, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 09–72626.**

United States Court of Appeals, Ninth Circuit.

Submitted May 13, 2014.\*

Filed May 27, 2014.

Garish Sarin, Esquire, Law Offices of Garish Sarin, Los Angeles, CA, for Petitioner.

---

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Chief Counsel Ice, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, OIL, Glen T. Jaeger, DOJ–U.S. Department of Justice, Washington, DC, for Respondent.

Before: CLIFTON, BEA, and WATFORD, Circuit Judges.

MEMORANDUM \*\*

Ghazanfar Ali Mirza, a native and citizen of Pakistan, petitions for review of the Board of Immigration Appeals' ("BIA") order denying his motion to remand. We have jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law, *Mohammed v. Gonzales,* 400 F.3d 785, 791–92 (9th Cir.2005), and we deny the petition for review.

Mirza had the opportunity to submit with his motion to remand evidence that he merited adjustment of status in the exercise of discretion, *see* 8 C.F.R. § 1003.2(c)(1); *Eide–Kahayon v. INS,* 86 F.3d 147, 150 (9th Cir.1996) ("Adjustment of status is an extraordinary remedy to be granted only in meritorious cases, and the alien has the burden of persuading the [agency] to exercise its discretion favorably.") (internal quotations and citations omitted), and he did not attempt to submit any evidence to the BIA after this court remanded his case to the BIA. Thus he has not established that the BIA violated due process by denying him the opportunity to address the issue of discretion. *See*

---

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir.2000) (an alien must show error and substantial prejudice to prevail on a due process claim).

Mirza's contention that the BIA failed to properly consider his equities before denying adjustment does not overcome the presumption that the BIA reviewed all of the evidence he presented. *See Fernandez v. Gonzales*, 439 F.3d 592, 603 (9th Cir.2006).

We deny Mirza's request for judicial notice of the extra-record information discussed in his opening brief. *See* 8 U.S.C. § 1252(b)(4)(A); *Dent v. Holder*, 627 F.3d 365, 371 (9th Cir.2010) (stating standard for review of out-of-record evidence).

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.